CITIZENS UTILITIES COMPANY OF ILLINOIS, Plaintiff-Appellee, *v.* THE DEPARTMENT OF LOCAL GOVERNMENT AFFAIRS *et al.*, Defendants-Appellants.

Third District    No. 80-470

Opinion filed August 14, 1981.

Tyrone C. Fahner, Attorney General, of Chicago (Karen Konieczny, Assistant Attorney General, of counsel), for appellants.

Raymond A. Fylstra, of Chapman and Cutler, of Chicago, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

The Department of Local Government Affairs of the State of Illinois (hereinafter the Department) appeals from the judgment of the Circuit Court of Will County in this administrative review action filed by plaintiff Citizens Utilities Company of Illinois. The Department had made property tax assessments covering certain of Citizens' certified pollution control facilities for the years 1977 and 1978. (Ill. Rev. Stat. 1977, ch. 120, par. 502a—3.) The circuit court, in the review action, reversed those assessments, finding that the methods utilized by the Department did not comport with the applicable statutory sections (Ill. Rev. Stat. 1977, ch. 120, pars. 502a—1, 502a—3), as those sections have been construed by the courts. (*Commonwealth Edison Co. v. Department of Local Government Affairs* (1980), 86 Ill. App. 3d 768, 408 N.E.2d 263.) The circuit court remanded the cases to the Department with directions to assess Citizens' pollution control facilities in accordance with the statutory sections as construed in the *Commonwealth Edison* case. The Department appeals from the reversal of its assessment and argues that the assessment met the requirements of the applicable statutory provisions. It argues that the First District's construction of those statutory provisions was erroneous.

The Illinois Supreme Court recently affirmed the First District's decision in the *Commonwealth Edison* case. (*Commonwealth Edison Co. v. Department of Local Government Affairs* (1981), 85 Ill. 2d 495, 817 N.E.2d 817.) The supreme court's decision and opinion in that case requires an affirmance of the trial court's action in this case. The recent supreme court opinion referred to, essentially, mandates taxation of the pollution control facilities only to the extent that such facilities produce a product or service sold to customers or, to the extent that such pollution control facilities in any manner reduces Citizens' cost of production of the products or services otherwise sold by Citizens.

The judgment is affirmed, and the case is remanded to the Department with directions to assess the facilities here in question in accordance with the recent dispositive Illinois Supreme Court opinion in *Commonwealth Edison Co. v. Department of Local Government Affairs* (1981), 85 Ill.2d 495, 426 N.E.2d 817.

Affirmed.

HEIPLE and STOUDER, JJ., concur.